# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRIS SEVIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:14-01313** |
| | ) | **JUDGE SHARP/KNOWLES** |
| | ) | |
| | ) | |
| **GOOGLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Motion to Amend the

Complaint and Request to Stay the Defendants' Moot Motions to Dismiss Until After an

Amended Complaint is Provided" (Docket No. 145) and Plaintiff's "Motion to Supplement the

First Motion to Amend the Complaint or Alternatively Second Motion to Amend" (Docket No.

190).  Plaintiff has filed a Memorandum in support of the former Motion, which is 26 pages in

length, not including 29 Exhibits that total 584 pages.  Docket No. 146.

Despite the length of the Memorandum and supporting Exhibits, Plaintiff did not file a

Proposed Amended Complaint with the former Motion.  A number of Defendants filed

Responses in opposition to that Motion, arguing in part that the Motion should be denied because

Plaintiff had failed to attached a proposed Amended Complaint.

Approximately six weeks later, Plaintiff submitted the latter Motion, along with a

document headed "Complaint" (Docket No. 189) and a document headed "Memorandum in

Support of Motion to Supplement the First Motion to Amend the Complaint or Alternatively

Second Motion to Amend" (Docket No. 191). Plaintiff's proposed "Complaint" is 237 pages in length, while the Exhibits to the supporting Memorandum total an additional 579 pages.

The following procedural history will be helpful to an understanding of the issues raised herein. Plaintiff, proceeding pro se, filed his Complaint in this action on June 17, 2014. Docket No. 1. On July 3, 2014, Plaintiff filed a document headed "Notice of Filing First Amended Complaint" (Docket No. 13) and a document headed "First Amended Complaint" (Docket No. 13-1). Plaintiff's Notice stated that he was "filing a first amended complaint as a matter of course pursuant to rule 15 of the Federal Rules of Civil Procedure." Docket No. 13, p. 1. He also stated, "In the event, permission is required to file the amended complaint, I hereby seek it." *Id*.

The Court has recently entered an Order granting Plaintiff leave to file his "First Amended Complaint" nunc pro tunc for July 3, 2014, and deeming the "First Amended Complaint" filed as of that date. Docket No. 208. Thus, Plaintiff has already amended his Complaint once with leave of Court.

While amendments are to be freely granted under Rule 15, a Court should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 752 (6th Cir. 1995). Additionally, a Court may deny leave to amend a complaint if a plaintiff does not attach a proposed Amended Complaint. *Crawford v. Roane,* 53 F.3d at 753.

Granting Plaintiff leave to amend his Complaint again would unduly prejudice Defendants. Nine Defendants (or sets of Defendants) have filed Motions to Dismiss that are directed to Plaintiff's "First Amended Complaint." *See* Docket Nos. 49, 51, 67, 112, 114, 117,

125, 194, 201. Additionally, at least some of the Motions to Dismiss are based upon an argument that Plaintiff's First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b) because it does not comply with Fed. R. Civ. P. 8, which requires a "short and plain statement of the claim" and which requires that each allegation must be simple, concise, and direct.

The Court notes that Plaintiff's First Amended Complaint was 134 pages in length, with no Exhibits. His proposed Amended Complaint is 237 pages in length. If Plaintiff's First Amended Complaint violated Rule 8, Plaintiff's proposed Amended Complaint certainly must and it would be futile.

Some Defendants have also raised the argument that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In its Response to the latter Motion, Defendant Verizon argues in part:

> [T]he proposed second amended Complaint makes few attempts at pleading material factual content; instead, it offers rhetoric properly characterized as ranging from "inarguable legal conclusion[s]" to "fanciful legal allegation[s]." . . . It almost exclusively contains lengthy anti-porn polemic and related legal arguments and conclusions . . . interrupted frequently by irrelevant asides . . . .
>
> . . .
>
> [Plaintiff's] 237- page proposed second amended Complaint "is incomprehensible in breadth, scope and clarity . . . Submitting a proposed amended complaint containing such "'[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" . . . Neither Verizon nor this Court is "obligated to 'stitch together cognizable claims for a relief from [a] wholly deficient pleading' filed by a

plaintiff."

Docket No. 197, p. 3, 6 (citations omitted).

The Court agrees. For the foregoing reasons, the instant Motions (Docket Nos. 145, 190) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge