IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS SEVIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:14-01313 |
| ) | JUDGE SHARP/KNOWLES |
| ) | |
| ) | |
| GOOGLE, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Dell, Inc. Docket No. 49. Defendant has filed a supporting Memorandum of Law (Docket No. 50); Plaintiff has filed a Response in Opposition to the Motion (Docket No. 82); and with leave of Court (Docket No. 92), Defendant has filed a Reply (Docket No. 102).

In the instant Motion, Dell makes a simple argument that Plaintiff's First Amended Complaint (hereinafter, the "Complaint") fails to comply with Fed. R. Civ. P. 8(a) and accordingly should be dismissed pursuant to Fed. R. Civ. P. 41(b).

The Complaint consists of 134 pages and purports to assert nineteen causes of action against at least eleven Defendants, including the Governor and Attorney General of the State of Tennessee. The general thrust of the Complaint appears to be that all Defendants, except the Governor and the Attorney General, manufacture, produce, or sell certain products that allow Plaintiff and others to access pornography on the Internet. Plaintiff further contends that the

Governor and Attorney General have failed to enforce obscenity laws.

Plaintiff seeks, among other things: (1) a preliminary and permanent injunction that requires Defendants to install a filter that blocks pornography from being accessible on their products; (2) an order requiring Defendants to create a "system of face to face accountability" for deactivating the demanded pornography filter; (3) an order requiring Defendants to maintain and publish a list of individuals who request that the pornography filter be deactivated; (4) an order declaring that the Governor and Attorney General violated the Plaintiff's constitutional rights for refusing to enforce obscenity laws; and (5) an award of punitive damages in an amount to exceed $100,000,000 to be paid to a list of 125 entities identified in the First Amended Complaint that are allegedly "proactively fighting to clean up the unlawful actions of the Defendants." Docket No. 13-1, p. 118-134.

Dell argues that "[the complaint] in large part is presented in the form of a thesis or dissertation discussing the Plaintiff's personal beliefs regarding a multitude of irrelevant and improper topics." Docket No. 50, p. 7. Dell continues in part:

> [R]ather than alleging specific facts in support of his claims, Plaintiff uses the First Amended Complaint as a platform to share his personal beliefs regarding topics such as pornography, homosexuality, religion, and his desire that the United States "return to cultivating a Christ/child centric reality." . . . The Complaint is primarily a bizarre compilation of political and religious pronouncements, lectures in morality, personal swipes, *ad hominen* attacks, anecdotes from Plaintiff's personal life, cheerleading for Plaintiff's preferred persons and organizations, references to Plaintiff's various other disputes, and Plaintiff's personal confessions.

Docket No. 50, p. 3 (footnote omitted).

Dell argues that Plaintiff seems generally to contend that Defendants injured him because

"certain unspecified devices" did not contain "filters" that blocked or prevented Plaintiff from accessing pornography. *Id.*, p. 4. Dell argues that Plaintiff does not identify basic facts such as which devices he allegedly purchased, when he purchased these devices, what injuries he sustained, and how the devices caused his injury. *Id.*

Dell argues that Rule 41(b) authorizes dismissal of an action where a plaintiff has failed to comply with the Rules of Civil Procedure, including Rule 8. *Wynder v. McMahon*, 360 F.3d 73, 77-78 (2nd Cir. 2004); *Mangan v. Weinberger,* 848 F.2d 909, 911 (8th Cir. 1998); *Nevijel v. North Coast Life Ins. Co.,* 51 F.2d 671, 673 (9th Cir. 1981); *Galindo v. Lampela*, 2013 U.S. App. LEXIS 5413, *3 (10th Cir.). *See also Plymale v. Freeman*, 1991 U.S. App. LEXIS 6996 (6th Cir.). In this regard, Rule 41(b) provides in relevant part, "If the plaintiff fails . . . to comply with these Rules . . . a defendant may move to dismiss the action or any claim against it."

Fed. R. Civ. P. 8(a)(2) provides in relevant part, "A pleading that states a claim for relief must contain: . . . (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief . . . ." (Emphasis added.) Rule 8(d)(1) provides in relevant part, "[e]ach allegation must be simple, concise and direct."

Dell cites numerous cases for the proposition that a Complaint violates Rule 8 and should be dismissed "where it is unnecessarily lengthy, disorganized, argumentative, or includes inappropriate extraneous allegations." Docket No. 50, p. 6. Failure to comply with Rule 8 results in an undue burden being placed on the parties responding to the Complaint and on the Court.

Finally, Defendant points out that Plaintiff's pro se status does not save his Complaint. Plaintiff is an attorney licensed to practice in the State of Tennessee, although his law license has

3

been transferred to disability inactive status by the Tennessee Supreme Court.

Plaintiff has filed a Response in Opposition to the Motion. Docket No. 82. Plaintiff's Response states in part, "UPON INFORMATION AND BELIEF DELL'S MOTION IS A DONKEY." *Id.*, p. 10. The Response refers to the Motion as "frivolous," "a creative argument," and a "spurious motion." *Id.* Plaintiff's Response for the most part, however, does not address the points made in the instant Motion. Instead, Plaintiff's Response suffers from many of the same faults as does the Complaint. For example, Plaintiff states:

> I had to plead in such a way that provided a solid foundation upon which to untwist the mis-framing of reality by selfish capitalistic conglomerates, who are quintessential captains of consciousness, and the masters of warping perception.

Docket No. 82, p. 4.

Plaintiff argues that "notice pleading is all that is required." *Id.*, p. 5. That statement is simply not correct in view of *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

It would be virtually impossible for the Court to convey the truly incredible nature of Plaintiff's Complaint. As Dell cogently argues, "The precise basis of Plaintiff's claims is largely indecipherable due to the incredibly verbose and sermonizing nature of the First Amended Complaint." Docket No. 50, p. 2. The majority of the allegations are simply bizarre. For example, the Complaint summarizes Plaintiff's goals in this action as follows:

> In one sentence: I seek to make pornography that is otherwise being pumped into our homes and on to our persons 24/7 in violation of state and Federal obscenity laws through intentional design flaws in laptops and cell phones, harder to access in light of (1) the realities of our human design, (2) the brain science of dopamine, and (3) the evidence that pornography is part of a seamless interconnected continuum with sex trafficking, child

4

>exploitation, sexual orientation modification, and sexual compulsive promiscuity, which has created a public health crisis and silent epidemic in America and across the globe.

Docket No. 13-1, p. 2.

The Complaint is liberally sprinkled with Bible quotations. *See, e.g.*, *id.*, p. 9, 14, 17, 28.

The Complaint states in part:

> We are in the midst of a sexual holocaust because our Nation has backed the wrong set of truth claims at our collective expense. The only way for the United States to survive is if it is [*sic*] reverts to a character based capitalistic society. If anyone scoffs at my demand, they need to know that they are acting as a proponents [*sic*] of child molestation and sex trafficking in perpetuation of acts of self-hate. This is not primarily a faith-based lawsuit but one based on the science of dopamine, oxytocin, and serotonin, put forth in Pavlov dog's experiment [*sic*], regarding classical conditioning.
>
> . . .
>
> Even Eric Holder, despite all of his best efforts to sabotage the United States, acknowledged that pornography is fueling sex trafficking . . . . Of course, Mr. Holder has not done anything about it. So, like it or not, I am here to be your modern day William Wilburforce [*sic*], and this Court and the Court of public opinion are the parliament of change in the abolition of sex slavery, since the executive branch is completely worthless. The beauty of Courts is that they fix the break down in our system of Government, and I agree with Justice Thomas that America can "get it right."

*Id.*, p. 2, 7.

. . .

> The Defendants and predatory pornographers stalk testosterone-saturated teenagers and younger adult males, like myself. Pornographers and the Defendants know that if they can expose their images to as many as possible, eventually they will catch someone's interest. Like trolling for fish, they know if they just keep putting out their lure, their particular brand of porn will trigger in certain viewers a specific fetish or fancy. The Defendants intentionally failed to warn us about these hooks

5

because it benefits them to promote the falsities about porn in conjunction with the warped gospel of Planned Parenthood and the homosexuals.

*Id.*, p. 28.

. . .

A cell phone and a laptop is effectively like a porn magazine. The front and back of the device are like book ends, like the front and back of a playboy magazine. Inside of the device is a bundle of content, some of which is legitimate (like the sports articles which are also found in playboy) and some of which is not, like simulated rape porn of barely legal teens, who are dressed to look like children.

*Id.*, p. 35.

. . .

America is in the midst of a sexual holocaust and faced with internalized threats to National Security from within. The end result of the fight against pornography and same sex marriage plight [*sic*] is that a monument in Washington needs to be built to honor traditional marriage and their children [*sic*], who have been targeted by the gospel of self that has mounted a front to christianity, upon which this Nation was founded on [*sic*].

*Id*, p. 66.

. . .

I did not have sex with my wife until our wedding night as a matter of honor. We would have entered a covenantal marriage if the act was in place when we got married. We could have worked through the injurous addiction that the filterous devices subjected me to. Instead I had to contend with an atheist exscoundrel, like Judge Smith in the Fourth Circuit, under no fault pretenses. Judge Smith literally prides himself on the fact that he holds a meeting at strip clubs on Fridays with lawyers. How in the world can a domestic Judge with those kinds of values be trusted to act in the best interest of families, when he has no basis of morality to being with [*sic*]?

*Id.*, p. 67-68.

Although it is totally unclear how this allegation might relate to any of Plaintiff's claims, he cryptically states, "Every time I reside in Manhattan (especially in the lower east side), I am always blown away about the lack of bathrooms . . . ." Docket No. 13-1, p. 36.

Moreover, Plaintiff's Response fails to directly address the argument made by Dell in its Motion to Dismiss, and it fails to show that Plaintiff's Complaint complies with Rule 8(a)(2) and (d)(1). As Dell says in its Reply:

> Plaintiff's Response largely consists of irrelevant arguments and inappropriate commentaries that are wholly unrelated to whether the First Amended Complaint violates Rule 8. In this regard, Plaintiff's Response is akin to the First Amended Complaint, as both filings have been used by the Plaintiff as a platform for exposing his personal world views and hurling insults at the Defendants and their counsel.

In his Response, Plaintiff argues that the First Amended Complaint adequately states a claim for relief under Rule 12(b)(6). Dell, however, has not argued that Plaintiff's Complaint is improper under Rule 12(b)(6).

Moreover, the Sixth Circuit has recognized:

> [A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.

*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *citing Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974).

Thus, Plaintiff's Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and *Glenn.*

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 49) be GRANTED, and that this action be DISMISSED WITH

PREJUDICE.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[1] A dismissal with prejudice is appropriate in this action because Plaintiff has previously been allowed to file an Amended Complaint. Docket No. 208.