IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRIS SEVIER,                )
                             )
         Plaintiff,          )
                             )
                             )
vs.                          )    CASE NO. 3:14-01313
                             )    JUDGE SHARP/KNOWLES
                             )
                             )
GOOGLE, et al.,              )
                             )
         Defendants.         )

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a Motion to Dismiss filed by Defendants Governor William Haslam and Attorney General Robert E. Cooper, Jr., both of whom have been sued in their official capacities as officers of the State of Tennessee.[1] Docket No. 67. Defendants have filed a Memorandum in support of the Motion. Docket No. 68. Plaintiff has filed a Response in Opposition to the Motion. Docket No. 95. Plaintiff's Response is 26 pages long, not including 24 Exhibits that total 130 pages.

Defendants make three primary arguments: (1) Plaintiff lacks standing to bring this action; (2) Plaintiff's claims are barred because Defendants, acting in their official capacities, are not "persons," subject to suit under 42 U.S.C. § 1983; and (3) the doctrine of sovereign immunity removes the subject-matter jurisdiction of this Court to hear a suit for money damages against

---

[1] After the filing of the Complaint and the instant Motion, Herbert Slatery replaced Robert E. Cooper, Jr. as Attorney General of the State of Tennessee. Pursuant to Fed. R. Civ. P. 25(d), Gen. Slatery is automatically substituted as a party in this action.

state officials acting in their official capacities.

Plaintiff argues in part, "The court must deny the Motion to Dismiss unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Docket No. 95, p. 3-4. For this proposition, Plaintiff cites *Conley v. Gibson*, 355 U.S. 41 (1975). Plaintiff apparently is unaware that this statement from *Conley* is no longer good law in light of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The remainder of Plaintiff's Response suffers from the same problems as does his earlier Response. Plaintiff essentially fails to address the arguments Defendants have raised. Instead, he states that he wishes to call "time out" from the law. Docket No. 95, p. 5.

Plaintiff concedes that his lawsuit relates to "violations of procedural and substantive due process amounting to the grossest of negligence under 42 U.S.C. § 1983 for violating 14th amendment rights due to their non-responsiveness in refusing to enforce obscenity laws against device makers in matters associated with domestic relations, which has generated a public health crisis." Docket No. 95, p. 1 (footnote omitted). As Defendants correctly argue, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege he was "deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by *a person* acting under of law, without due process of law." (Emphasis added.) The United States Supreme Court has held that state employees acting in their official capacities are not persons for purposes of § 1983, and therefore cannot be sued under § 1983. *Will v. Michigan Dept. State Police*, 491 U.S. 58, 71 (1989).

Moreover, Defendants are correct that Plaintiff lacks standing to sue Defendants for their alleged failure to enforce obscenity laws. As Defendants argue, Article III of the Constitution

limits the jurisdiction of the federal courts to "Cases" and "Controversies." One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the elements of injury in fact, causation, and redressability. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). As the Supreme Court stated in *Lujan*, "We have consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly intangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Id*. at 572-74. *See also Fairchild v. Hughes,* 258 U.S. 126, 129-30 (The general right possessed by every citizen to require that the Government be administered according to law and that the public monies not be wasted does not entitle a private citizen to institute an action in the federal courts).

To the extent that Plaintiff seeks damages against these Defendants, such an action is barred by the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

To the extent that Plaintiff attempts to sue these Defendants based upon causes of action other than § 1983, Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to comply with Fed. R. Civ. P. 8, as has been discussed in Docket No. 210.

For the foregoing reasons, the undersigned recommends that the instant Motion to Dismiss (Docket No. 67) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge