UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHRIS SEVIER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:14-01313 |
| | ) | Judge Sharp |
| GOOGLE, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

Magistrate Judge Knowles has entered four Reports and Recommendations. In the first, (Docket No. 209), he recommends that *pro se* Plaintiff's (1) "Motion to Amend the Complaint and Request to Stay the Defendants' Moot Motions to Dismiss Until After an Amended Complaint is Provided" (Docket No. 145) and (2) "Motion to Supplement the First Motion to Amend the Complaint or Alternatively Second Motion to Amend" (Docket No. 190) be denied. In the other three, (Docket Nos. 210, 211 & 212), he recommends that the Motions to Dismiss filed by Defendants Dell Inc. (Docket No. 49), Verizon Wireless Tennessee Partnership d/b/a Verizon Wireless (Docket No. 51), and Governor William Haslam and Attorney General Robert E. Cooper, Jr. (Docket No. 67) be granted.

All of the recommendations flow from the fact that none of the Complaints Plaintiff Chris Sevier has filed meet the "short and plain statement" required by Rule 8(a) of the Federal Rules of Civil Procedure. The Complaint (Docket No. 1) filed June 17, 2014, titled "<u>ORIGINAL COMPLAINT PORN WARS</u>, ran 159 pages and contained 246 paragraphs, not including the final 13 paragraphs of demands requesting that any monetary award go to 125 organizations or entities.

1

The Amended Complaint (Docket No. 13) parrots the first and appears to contains the same demands for relief (including that "100 million dollars . . . be paid out over time" to the same organizations and entities), but runs 134 pages.

With regard to the Amended Complaint, Magistrate Judge Knowles observes that "[i]t would be virtually impossible for the Court to convey the truly incredible nature of Plaintiff's Complaint," because (1) "'[t]he precise basis of Plaintiff's claims is largely indecipherable due to the incredibly verbose and sermonizing nature of the First Amended Complaint"; (2) "[t]he majority of the allegations are simply bizarre"; (3) the Complaint is "liberally sprinkled with Bible quotations"; and (4) many of the allegations, such as "'[e]very time I reside in Manhattan (especially in the lower east side), I am always blown away about the lack of bathrooms,'" appear to have no relevance to his overriding complaints about the proliferation of pornography, and the lack of filtering devices on computers and other devices that make pornography all to accessible. (Docket No. 210 at 2-5, citations omitted). In the words of one of the Defendants, the Amended Complaint "'in large part is presented in the form of a thesis or dissertation discussing the Plaintiff's personal beliefs regarding a multitude of irrelevant and improper topics.'" (Id. at 2).

Because Rule 8 requires that "[e]ach allegation must be simple, concise and direct" and that a Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2) & (d)(1), Magistrate Judge Knowles recommends that the Amended Complaint be dismissed in accordance with Rule 41(b), which authorizes dismissal of an action where a plaintiff has failed to comply with the Federal Rules of Civil Procedure. He also recommends that Plaintiff not be allowed to file his Second Amended Complaint because, while Rule 15 provides that leave to amend should be freely given, "a Court should deny leave, 'if the

amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.' Crawford v. Roane, 53 F.3d 750, 752 (6th Cir. 1995)." (Id. at 2). Since "[n]ine Defendants (or sets of Defendants) have filed Motions to Dismiss that are directed to Plaintiff's 'First Amended Complaint,'" (id.), allowing amendment would work prejudice on those Defendants. Moreover, "[i]f Plaintiff's First Amended Complaint violated Rule 8, Plaintiff's proposed Amended Complaint [which runs 237 pages] certainly must and it would be futile" to allow amendment. (Docket No. 209 at 3).

In addition to Rules 8 and 41(b), Magistrate Judge Knowles recommends dismissal under FED. R. CIV. P. 12(b)(1). In this regard, he notes that, pursuant to Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999),

> [a] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.

(Docket No. 210 at 7).

Finally with regard to the Motion to Dismiss filed by Governor Haslam and Attorney General Cooper, Magistrate Judge Knowles recommends dismissal for the additional reasons that state employees acting in their official capacities are not persons for purposes of § 1983, and therefore cannot be sued under § 1983, Will v. Mich. Dept. State Police, 491 U.S. 58, 71 (1989), and Plaintiff lacks standing to sue those Defendants for their alleged failure to enforce obscenity laws. Moreover, to the extent that Plaintiff seeks damages against either of those Defendants, the claim is barred by the Eleventh Amendment to the United States Constitution.

Having undertaken the *de novo* review required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court agrees with the recommended dispositions. The Court does so having fully

3

considered the many filings made by Plaintiff after the issuance of the Reports and Recommendations.

In the first titled "Notice of Filing Related Motions in the USSC in 14-574 Same Sex Marriage Action and Request to Hold Pending Motions in Abeyance Until the Motion For Reconsideration is Lodged and Unofficial Sua Sponte Request," (Docket No. 218), Plaintiff begins by stating that he is a "former Judge Advocate, whistle blower target of the state, and prior member of the detestable Nashville bar[.]" (Id. at 1). He then claims that Magistrate Judge Knowles has a "pro-corporation, pro-indifference, a pro-laziness attitude" that is "masked under the veneer of phony impartiality" who "seems to have forgotten that he does not work as a corporate attorney at Bass Berry and Sims anymore along side [sic] Dell's counsel." (Id. at 2). Plaintiff notes that he has another "racketeering case" in Pennsylvania and will file another soon in California, and that he "only picked this jurisdiction first because of [his] confidence in its ability to mess it up," but "hope[s] that Tennessee does not want to come across as being backward and incompetent[.]" (Id. at 2).

Apart from casting unwarranted and wholly improper aspersion about this Court and one of its judicial officers, it appears that Plaintiff's complaint is that "Tennessee has no excuse in not allowing [him] to amend the complaint and to move forward with discovery," although at one point, for unexplained reasons, he mentions the "horse faced hypocrisy of the same sex plaintiff[.]" (Id. at 2 & 4). Plaintiff also request that "Magistrate Judge Knowles *sua sponte* remove himself, and that the pending motions be held in abeyance until [a] motion for reconsideration is filed with the Honorable Judge Sharp." Id. at 9.

There has been no showing of bias, explicit or otherwise, and no competent reasons have

4

been advance to remove Magistrate Judge Knowles from this case. To the extent that is what Plaintiff wants, the request is denied. To the extent that he wants to amend his Complaint that, too, is denied for the reasons stated by Magistrate Judge Knowles.

Plaintiff's three Motions for Reconsideration (Docket No. 226, 227 & 230) and accompanying Memoranda (Docket Nos. 228 & 229) continue their personal attacks on Magistrate Judge Knowles, but are more vituperative and invective. They are equally baseless and unworthy of further mention.

*Ad hominem* attacks aside, Plaintiff argues that Magistrate Judge Knowles erred in referencing the Amended Complaint at Docket No. 13 because that Complaint "was replaced and made defunk [sic] by the filing at DE 145 and 190," and that "the complaint at DE 190 [i]s controlling[.]" (Docket No. 233 at 2). However, Docket No. 190 is not a Complaint, amended or otherwise. Rather it is a "Motion to Supplement the First Motion to Amend the Complaint or Alternatively Second Motion to Amend." Plaintiff has not, and cannot, point to a Complaint, Amended Complaint, or even a proposed Complaint in this case which meet Rule 8's pleading requirements.

In addition to the Motions to Reconsider, Plaintiff has filed a Motion to File Second Amended Complaint. (Docket No. 221). He claims to have "cured the problem with the First Amended Complaint" by "remov[ing] part one," and asserts that "Magistrate Judge Knowles needs to quit playing politics and be replaced by a different Magistrate Judge." (Id. at 1).

The proposed Second Amended Complaint is shorter, as Plaintiff claims, at approximately 127 pages, but it also contains 108 footnotes. Length is not dispositive – meeting the pleading requirements of Rule 8 is. Plaintiff's proposed Second Amend Complaint suffers the same Rule 8

infirmities of the prior iterations, making amendment futile.

In addition to Plaintiff's Motions for Reconsideration, Defendant Verizon has filed an Objection (Docket No. 219) in which it requests that dismissal be based not just on FED. R. CIV. P. 41(b) and FED. R. CIV. P. 12(b)(1), but also for the number of other reasons that it raised in its Motion to Dismiss. Although there may be merit to Verizon's other stated grounds for dismissal, it was not necessary for Magistrate Judge Knowles to consider them because "[u]nless the dismissal order states otherwise," a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Accordingly, the Court rules as follows:

(1) The Reports and Recommendations (Docket Nos. 209, 210, 211 & 212) are hereby ACCEPTED and APPROVED:

(2) Plaintiff's Motions for Reconsideration (Docket Nos. 223, 226, 227 & 230) are hereby DENIED;

(3) Defendant's Verizon's Partial Objection (Docket No. 219) is OVERRULED;

(4) Defendants' Motions to Dismiss (Docket Nos. 49, 51, 67, 112, 114, 117, 125, 194 & 201) are hereby GRANTED:

(5) Plaintiff's Motions to Amend the Complaint (Docket Nos. 145, 190 & 221) are hereby DENIED;

(6) Plaintiff's "Notice of Filing Related Motions in the USSC in 14-574 Same Sex Marriage Action and Request to Hold Pending Motions in Abeyance Until the Motion For Reconsideration is Lodged and Unofficial Sua Sponte Request" (Docket No. 218) is DENIED;

(7) Plaintiff's Motion for Leave to File Excess Pages, to Have More than Three Experts, and

to File Declarations Under Aliases (Docket No. 165) and his Motion for Extension of Time to File Motions for Reconsideration (Docket No. 225) are DENIED AS MOOT; and

(8) Plaintiff's Complaint, as amended, is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE